IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY CLARK, #K-77216, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00507-SMY |
| | ) |
| RICHARD HARRINGTON, | ) |
| SALVADOR GODINEZ, | ) |
| DR. WAOBOWSKI, GAIL WALLS, | ) |
| C/O SIMMONS, C/O STUEVE, | ) |
| VICKI PAYNE, UNKNOWN PARTIES, | ) |
| and WEXFORD HEALTH CARE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Tommy Clark, who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was denied adequate and timely medical care for a spider bite or staph infection at Menard Correctional Center ("Menard") in 2013 (Doc. 1, pp. 5, 7-12). As a result, Plaintiff endured unnecessary pain, infection and surgeries (*id*.). In connection with this claim, he now sues the following Illinois Department of Corrections ("IDOC") officials for violating his rights under the Eighth and Fourteenth Amendments: Salvador Godinez (IDOC Director), Richard Harrington (Menard's warden), Vicki Payne (correctional counselor), John/Jane Doe ##1 and 2 (unknown grievances officers), Linda Carter (grievance officer),[1] Lori Oakley

---

[1] Plaintiff identifies Linda Carter, a grievance officer, as "Defendant E." This individual is not listed as a defendant in CM/ECF. The Clerk will therefore be directed to add Linda Carter as a defendant on the docket sheet in CM/ECF.

(grievance officer),[2] C/O Simmons, C/O Stueve, Doctor Waobowski (prison physician), Gail Walls (nurse) and Wexford Health Care (Wexford).  Plaintiff seeks monetary damages and injunctive relief (*id*. at 6).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  The Complaint survives preliminary review under this standard.

## The Complaint

On April 6, 2013, Plaintiff informed officials at Menard that he was suffering from excruciating pain and illness (Doc. 1, pp. 5, 7-12).  He attributed the symptoms to a spider bite or staph infection.  It appears that the injury occurred on his arm.

Plaintiff informed C/O Simmons and C/O Stueve that he faced a dire medical emergency and would suffer serious injuries if medical care was delayed (*id*. at 9-10).  Nurse Walls examined Plaintiff's arm and informed him that his wound had healed when it had not (*id*. at 10). Warden Harrington denied Plaintiff's request in an emergency grievance for immediate treatment (*id*. at 1).  Several other grievance officials, including Director Godinez, Counselor Payne, Grievance Officer Carter, Grievance Officer Oakley and Jane/John Doe ##1 and 2

---

[2] Plaintiff identifies Lori Oakley, a grievance officer, as "Defendant F."  This individual is also not listed as a defendant in CM/ECF.  The Clerk will therefore be directed to add Linda Carter as a defendant on the docket sheet in CM/ECF.

disagreed that Plaintiff's condition constituted a medical emergency and refused to secure medical care on his behalf "for a substantial amount of time" (*id*. at 2, 7-10).

The delay caused Plaintiff's condition to deteriorate. He suffered unnecessary pain and infection as a result. Although Plaintiff offers few details regarding the ultimate diagnosis and treatment, he alleges the he was forced to undergo surgery on his arm twice. Plaintiff's request for treatment at a hospital that was equipped to handle surgical procedures was denied. Instead, Doctor Waobowski insisted on performing both surgeries. Plaintiff alleges that the doctor was not licensed to do so.

Following the first surgery, Doctor Waobowski prescribed Plaintiff medication but failed to administer it for several days. Plaintiff's wound became infected. As a result, he was admitted to the prison infirmary under quarantine (*id*. at 11). Plaintiff's stitches were removed, and a second surgery was performed on Plaintiff's arm (*id*. at 12).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

> **Count 1:**  **Defendants exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, when they delayed and/or denied adequate and timely medical care for his spider bite and/or staph infection on April 6, 2013.**
>
> **Count 2:**  **Defendants improperly ignored, delayed, or denied Plaintiff's grievances regarding the medical emergency that occurred on April 6, 2013, in violation of the Fourteenth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

## Count 1

The Complaint states a viable Eighth Amendment claim (**Count 1**) against Defendants C/O Simmons, C/O Stueve, Nurse Walls and Doctor Waobowski. The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

In order to state a claim, a plaintiff must show that: (1) his medical need was sufficiently serious, which is an objective standard; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Prison officials act with deliberate indifference, when they "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837).

At this early stage, the Complaint appears to satisfy both prongs of this test as it pertains

to Defendants C/O Simmons, C/O Stueve, Nurse Walls and Doctor Waobowski. Plaintiff informed each of these defendants that he was suffering from excruciating pain as a result of a suspected spider bite or staph infection and needed immediate medical care. These defendants allegedly ignored his requests or unreasonably delayed treatment. Count 1 is therefore subject to further review against these defendants in their individual capacities.

However, the Complaint offers insufficient allegations of deliberate indifference against the remaining defendants, including the private medical contractor (Wexford) and the grievance officials (Director Godinez, Warden Harrington, Counselor Payne, Grievance Officer Carter, Grievance Officer Oakley and Jane/John Doe ##1 and 2). Accordingly, Count 1 will be dismissed without prejudice against these defendants.

Wexford is a private corporation that serves as Menard's healthcare provider. Plaintiff names Wexford as a defendant but includes no allegations against Wexford in the Complaint. By all indications, Plaintiff named Wexford only because the private corporation employed Doctor Waobowski. Plaintiff cannot rely on a theory of *respondeat superior*, or supervisory liability, when bringing a claim against Wexford under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In the Seventh Circuit, a private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)). The Complaint describes no such policy or custom attributable to Wexford. Therefore, Count 1 will be dismissed without prejudice against this defendant.

Likewise, Plaintiff cannot proceed with his Eighth Amendment claim against the grievance officials because the Complaint does not include sufficient allegations of deliberate

indifference against them. Non-medical prison officials exhibit deliberate indifference to a prisoner's serious medical needs if "they have reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008); *Perez*, 792 F.3d at 782 (prisoner could proceed with deliberate indifference claim against non-medical defendants who knew of plaintiff's serious medical need and inadequate medical care through his "coherent and highly detailed grievances and other correspondences," but failed to intervene); *Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act when prison officials repeatedly denied an inmate life-sustaining medication and food). Here, the Complaint offers no allegations indicating that Plaintiff provided the grievance officials with highly detailed grievances or other written correspondence. Under the circumstances, the allegations fall short of suggesting that these defendants were aware of Plaintiff's medical needs and still chose to disregard them. Accordingly, Count 1 will be dismissed without prejudice against Director Godinez, Warden Harrington, Counselor Payne, Grievance Officer Carter, Grievance Officer Oakley and Jane/John Doe ##1 and 2.

## Count 2

The Complaint articulates no independent Fourteenth Amendment claim (**Count 2**) against the defendants. It is not clear why Plaintiff invoked the Fourteenth Amendment. Presumably, he did so because the defendants improperly ignored, delayed or denied his grievances. However, the mishandling of grievances gives rise to no independent claim under the Fourteenth Amendment. This is because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state

prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Furthermore, a cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Accordingly, **Count 2** shall be dismissed with prejudice against all of the defendants.

### Request for Injunctive Relief

Plaintiff seeks "monetary injunctive relief" (Doc. 1, p. 6). He may proceed with his request for monetary damages against the defendants in their individual capacities. However, he cannot proceed with his request for injunctive relief, which is an official capacity claim. Plaintiff does not indicate what sort of injunctive relief he is seeking. Moreover, his request appears to be moot. Plaintiff is no longer housed at Menard. He does not indicate that he will be transferred back to that prison while this action is pending. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Menard under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). As such, Plaintiff's request for injunctive relief shall be denied without prejudice because it is moot; the official capacity claims against the defendants shall likewise be dismissed.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) shall be **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for a decision.

Plaintiff's Second Motion for Leave to Proceed *In Forma Pauperis* on Appeal (Doc. 5) is hereby **DENIED** without prejudice. This case was only recently filed and has just undergone preliminary screening pursuant to § 1915A. No appeal is pending. Plaintiff's motion is premature.

**Disposition**

The Clerk is hereby **DIRECTED** to **ADD** Linda Carter and Lori Oakley as defendants in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **RICHARD HARRINGTON, SALVADOR GODINEZ, VICKI PAYNE, LINDA CARTER, LORI OAKLEY, UNKNOWN PARTIES** and **WEXFORD HEALTH CARE** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that all **OFFICIAL CAPACITY** claims are **DISMISSED** without prejudice on the same grounds.

**IT IS FURTHER ORDERED** that Plaintiff's request for injunctive relief is **DENIED** as **MOOT**.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendants **C/O SIMMONS, C/O STUEVE, GAIL WALLS** and **DOCTOR WAOBOWSKI** in their individual capacities only. As to **COUNT 1**, the Clerk of Court shall prepare for Defendants

**C/O SIMMONS, C/O STUEVE, GAIL WALLS** and **DOCTOR WAOBOWSKI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 13, 2016**

                     **s/ STACI M. YANDLE**
                     **U.S. District Judge**