# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-507-SMY-RJD |
| C/O SIMMONS, C/O STUEVE, and GAIL WALLS, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 66), recommending that the motion for summary judgment filed by Defendants Simmons, Stueve, and Walls (Doc. 53) be granted. Plaintiff Tommy Clark filed a timely objection (Doc. 69). For the following reasons, Judge Daly's Report is **ADOPTED in part.**

## Background

Tommy Clark filed an Amended Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs (Count 1) and retaliated against him for filing grievances (Count 2) while he was incarcerated at Menard Correctional Center in 2013, in violation of the Eighth Amendment (Doc. 31). Defendants moved for summary judgment on both claims (Doc. 53) but only addressed Clark's deliberate indifference to medical needs claim in their Memorandum of Law (Doc. 57). Clark filed a response as to the deliberate indifference claim only (Docs. 64 and 65).

Judge Daly issued a Report setting forth the applicable law and her conclusions (Doc. 66).

She concluded that Defendants Simmons, Stueve, and Walls are entitled to summary judgment on Count 1 because the record does not support a finding of deliberate indifference. Specifically, Judge Daly found that Stueve and Simmons were non-medical prison personnel who were entitled to rely on the care that Clark received from medical personnel, and that Walls was not personally involved in any deprivation because she only became aware of Clark's condition months after he had been treated. As a result, Judge Daly recommends that the motion for summary judgment be granted, that Clark's claims be dismissed with prejudice, and that judgment be entered in favor of Defendants and against Plaintiff.

## **Legal Standard**

Since Clark filed an objection, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has reviewed Judge Daly's Report de novo.

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.

*Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

**Factual Background**

The parties do not dispute the facts set forth in the Report. The following facts, presented in a light most favorable to Clark, are relevant to the limited objections made by Clark: Clark noticed one spider bite on his left forearm on April 5, 2013 and two additional bites on his right buttock the following day. While Stueve was doing his rounds on April 6, 2013, Clark told him about the bites but did not know exactly what had bitten him. Stueve told him he would get help and returned with Simmons. Simmons looked at the spider bite and told him that he needed to see a doctor (Doc. 65-1, p. 4). She then left to talk to the lieutenant or major. She returned and told Clark they told her that he could not go to the Healthcare Unit because the institution was on a Level 1 lockdown (*Id.*). She instructed him to fill out a request slip for healthcare so she could put it in the appropriate box (*Id.*). Clark filled out the slip.

When Simmons returned to Clark's cell, she was accompanied by Nurse Oakley (Doc. 65-7, p. 1). Nurse Oakley examined Clark and told him he had a brown recluse spider bite and needed to go to the healthcare unit and see a doctor immediately. Nevertheless, she told Clark that a doctor was not available until two days later. This interaction was in Simmons' presence. A CMT who saw Clark later that evening put Clark on the doctor call list for April 8, 2013.

Clark was again seen by Nurse Oakley on April 7, 2013 and given pain medication. Clark testified that both Simmons and Oakley told him he needed to go to the healthcare unit but that there was nothing they could do given the lockdown and the lack of a doctor on site (*Id*. 5).

Clark was seen by Dr. Nwaobasi on April 8, 2013 and prescribed antibiotics. Although antibiotics are typically handed out to inmates by nurses the same day they are prescribed, Clark did not receive the antibiotics until he was admitted to the infirmary on April 10, 2013. Clark's spider bites were healed By May 2013.

Clark filed a grievance about the medical care he received. In a response dated July 10, 2013, Walls indicated that his issue had been addressed. Clark had no contact with Walls related to his medical treatment except for the response to his grievance.

## Discussion

### Deliberate Indifference

In order to prevail on a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th

Cir. 1997). Judge Daly concluded that whether a brown recluse spider bite is an objectively serious medical condition presents a question of fact. No party objects to this conclusion.

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not entitle prisoners to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or ordinary malpractice does not rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Clark first objects to Judge Daly's finding that no jury would find Simmons was deliberately indifferent to his medical needs. He argues Judge Daly erred in finding that the two-day delay in sending him to the healthcare unit, as directed by Nurse Oakley, could not lead a jury to find that Oakley was deliberately indifferent to his medical needs. However, the record shows that Simmons did not ignore Clark's condition. Rather, she acknowledged the injury, spoke to her superiors, received direction, and told Clark to fill out a sick call slip. She was also aware that Clark was later seen and treated by medical personnel. There is no evidence that Clark complained again to Simmons about any lack of medical care or pain.

As for Walls, Clark argues that as the supervisor of nurses, she was responsible for the failure to give him the prescribed antibiotics in a timely manner. This is an attempt to assert a

respondeat superior claim, which § 1983 does not recognize. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official."). Clark has presented no evidence that Walls knew about the failure to provide timely prescription medicine or that she facilitated it, condoned it, approved it, or turned a blind eye to the problem. *See Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). She cannot be liable for failing to detect a subordinate's misconduct. *Lanigan v. City of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997).

Clark also argues a failure to train theory of liability; that Walls failed to supervise and control the nurses such that they would ensure that prescriptions were timely dispensed. However, Clark's argument is undeveloped and does not articulate a potential *Monell* or official capacity claim. There is no evidence in the record to establish that an express policy, custom, or practice caused or was the moving force behind the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. Of Ill.*, Inc., 368 F.3d 917, 927 (7th Cir. 2004). There is no showing, other than Clark's own experience, that any lack of training led to the purported constitutional violation. *See Hahn v. Walsh*, 762 F.3d 617, 636 (7th Cir. 2014) ("A plaintiff can show that a municipality has caused a constitutional injury either by demonstrating that the municipality's policy itself is unconstitutional, or by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned the misconduct of subordinate officers") (citations and editing marks omitted)); *Jackson v. Marion Cty.*¸66 F.3d 151, 152 (7th Cir. 1995).

For the above reasons, Walls also is entitled to judgment on Clark's deliberate indifference claim.

## Retaliation

Clark alleges Defendants retaliated against him for filing grievances about prison conditions by "denying him access to medical treatment and supplies, and ignoring his continued complaints of pain." Defendants mention the retaliation claim in their Motion but do not address the claim in their Memorandum. Judge Daly likewise did not address Clark's retaliation claim. Therefore, judgment cannot be granted to Defendants on the retaliation claim at this point. That said, Federal Rule of Civil Procedure 56(f) permits the Court to grant a motion for summary judgment "on grounds not raised by a party" after giving the parties notice and an opportunity to respond.

To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was a motivating reason for defendant's actions. *See Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). There appears to be no evidence in the record that Defendants were aware of any grievances filed by Clark when they acted (or failed to act), that they played a role in denying medical care or ignored his complaints of pain, or of a connection between the filing of grievances and the alleged denial of care.

In his deposition, Clark indicated he did not know when Walls was aware of his grievance (Doc. 65-1, pp. 11-12). He also testified that he didn't know if Stueve or Simmons were aware of any grievances (*Id*. 12). His deposition testimony does not establish any link between any grievance and Defendants' actions. Indeed, it appears that Clark's retaliation claim is based on nothing more than speculation, which is insufficient to carry his burden on summary judgment. *See Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013). As this Court is inclined to grant

summary judgment for Defendants on Clark's retaliation claim pursuant to Rule 56(f), the parties will be given an opportunity to brief the issue.

## Conclusion

For the foregoing reasons, Judge Daly's Report and Recommendation is **ADOPTED in part.** Defendants' Motion for Summary Judgment (Doc. 53) is **GRANTED** as to Count 1. The Clerk shall enter judgment in favor of Defendants and against Clark on Count 1 at the conclusion of this case. The parties are **DIRECTED** to submit briefs as to the retaliation claim asserted in Count 2 within 30 days of the date of this Order.

**IT IS SO ORDERED.**

**DATED: August 21, 2019**

**STACI M. YANDLE
United States District Judge**