IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TOMMY CLARK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-507-RJD |
| | ) | |
| CHRISTINA SIMMONS, KODY STUEVE, and GAIL WALLS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

The matter is before the Court on the Supplemental Motion for Summary Judgment (Doc. 72) filed by Defendants. Plaintiff timely filed a response (Doc. 73). For the following reasons, Defendants' motion is **GRANTED**.

### BACKGROUND

Plaintiff Tommy Clark, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Following this Court's Order Granting Summary Judgment as to Count 1 (Doc. 70), Plaintiff proceeds on his Count II retaliation claim.

Defendants filed a supplemental motion for summary judgment (Doc. 72) arguing Plaintiff's retaliation claim is unsupported by evidence and barred by the applicable Statute of Limitations. Plaintiff contends the retaliation claim is not barred as it relates back to the original pleading and that there is sufficient evidence to support his claim of retaliation.

## FINDINGS OF FACT

At all times relevant to this litigation, Plaintiff was incarcerated at Menard (Plaintiff's Deposition, Doc. 54-1 at 2). On November 14, 2012, Plaintiff filed a grievance complaining about numerous substandard conditions at Menard (Doc. 73-2 at 1-8). On April 6, 2013, Plaintiff told Defendant Correctional Officer Stueve he had been bitten by a spider when Stueve was walking by doing count (Doc. 54-1 at 2). Stueve told Plaintiff he would get some help and returned with Correctional Officer Simmons (Id.).

Simmons informed Plaintiff he would need to see a doctor but that he could not be taken to health care at the time because the institution was on Level 1 lockdown (Id.). Simmons told Plaintiff he needed to fill out a request slip (Id.). Plaintiff wrote the request on a slip of paper and handed it to Simmons (Id.). Later in the day, Nurse Oakley saw Plaintiff while doing her rounds (Id. at 5). Oakley looked at the sore and said it was a brown recluse bite (Id.). According to Plaintiff, Nurse Oakley told Plaintiff he would not be able to see a doctor until Monday (two days later) because there was not a doctor at the institution (Id.). Also, on April 6, 2013, at 7:30 p.m., Plaintiff was seen by a CMT (Id. at 6). Nurse Oakley saw Plaintiff again on April 7, 2013 at 10:00 a.m. (Id.).

Plaintiff was seen by Dr. Nwaobasi on the morning of April 8, 2013 (Id. at 54-5). Nwaobasi examined Plaintiff and noted spider bites on the left forearm and the left buttocks (Id.). He prescribed Plaintiff Minocin, an antibiotic, and Motrin (Id.). Plaintiff saw Nwaobasi two days later, on April 10, 2013, and told him that he had not yet received the antibiotic (54-1 at 7). Nwaobasi admitted Plaintiff to the infirmary on April 10, 2013, where he stayed for four days (Id.). Plaintiff received the antibiotic right after he was admitted to the infirmary (Id.). After Plaintiff

left the infirmary, he was taken to the health care unit every day to get his dressing changed (Id.). He testified the spider bites were healed by the end of May 2013 (Id. at 16).

Plaintiff admits Defendant Gail Walls did not participate in denying him prompt treatment on April 6, 2013 (Doc. 54-1 at 8). Plaintiff sued Walls because, as health care administrator, she responded to a grievance he filed regarding his medical treatment (Id.). Plaintiff testified he does not remember any conversation with Walls before her involvement with his grievance in July 2013 (Id.). Plaintiff admits that Walls reviewed his grievance and responded on July 10, 2013, that his issue had been addressed (Id.).

Plaintiff testified during his deposition that he did not know if Stueve or Simmons were aware of any previous grievances he had filed (Doc. 54-1 at 17). He testified he believed he was retaliated against because "I was going by how I was treated" (Id.). Specifically, when asked, "Do you know that either Stueve or Simmons acted slower in getting you help because you filed a grievance in the past," Plaintiff responded, "Oh, that there, I have no knowledge of that" (Id.).

### LEGAL STANDARD

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists

when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## ANALYSIS

Defendants' motion asserts they are entitled to summary judgment on Plaintiff's retaliation claim because it is barred by the statute of limitations and because it is unsupported by the evidence. To determine the statute of limitations applicable in an action under 42 U.S.C. § 1983, federal courts look to the forum state's statute of limitations for personal injury claims. *Mitchell v. Donchin,* 286 F.3d 447, 450 n. 1 (7th Cir.2002); *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir.1998); *Lucien v. Jockish,* 133 F.3d 464, 466 (7th Cir.1998). In Illinois, this time period is two years. 735 ILCS 5/13-202. Thus, Plaintiff's claims are time-barred only if the events giving rise to the cause of action occurred more than two years prior to his filing a complaint against a defendant. An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. FED. R. CIV. P. 15(c)(1)(B).

Defendants do not dispute the original complaint was timely filed. Plaintiff's claim for retaliation, while first mentioned in the Amended Complaint (Doc. 31) filed on June 7, 2017, relates back to the conduct set forth in his original complaint timely filed on May 6, 2016. Plaintiff's claim of retaliation is not barred by the applicable two-year statute of limitations.

However, summary judgment is appropriate as Plaintiff's claim is unsupported by evidence. A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). In order for a plaintiff to prevail on a First Amendment retaliation claim, he must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

Plaintiff alleges Defendants delayed medical treatment for his spider bite in retaliation for filing the November 14, 2012 grievance. There is no dispute that Plaintiff's right to file a grievance is protected speech under the First Amendment. The alleged deprivation was denial of medical treatment. Plaintiff testified, however, Defendant Walls was not involved in any initial denial of medical care. There is also no evidence in the record that Defendants Stueve or Simmons delayed seeking medical care for Plaintiff once he reported the spider bite. Plaintiff was seen by a nurse and CMT on the same day he reported the bite to Defendants. Moreover, there is no evidence Defendants Stueve, Simmons, or Walls were aware of the fact that Plaintiff had previously filed a grievance. Plaintiff testified that he had no knowledge as to whether Defendants were aware of his previous grievance. Indeed, it appears that Clark's retaliation claim is based on nothing more than speculation, which is insufficient to carry his burden on summary judgment. See *Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013). As there is no evidence such that a reasonable jury could return a verdict for Plaintiff, Defendants are entitled to summary

judgment.

## CONCLUSION

Based on the foregoing, the Supplemental Motion for Summary Judgment filed by Defendants (Doc. 72) is **GRANTED**. The Clerk shall enter judgment in favor of Defendants and against Plaintiff. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:   January 2, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**